IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY SHEARER : | |
| : | CIVIL ACTION |
| v. : | |
| : | |
| SHIRLEY R. MOORE SMEAL; THE DISTRICT : | |
| ATTORNEY OF THE COUNTY OF PHILADELPHIA; : | NO. 11-5315 |
| THE ATTORNEY GENERAL OF THE STATE OF : | |
| PENNSYLVANIA : | |

**NORMA L. SHAPIRO, J.**                                                        **JULY 21, 2015**

## MEMORANDUM

Before the court are petitioner's "Independent Action Rule 60(d)(1)-(3)" motion, respondent's "Response to Motion for Extraordinary Relief," and petitioner's "Reply to Respondent's Reply to Independent Action." Petitioner's "Independent Action Rule 60(d)(1)-(3)" motion (paper no. 43) will be dismissed because it is a successive habeas petition and the Court of Appeals has not issued an order authorizing the district court to consider the petition.

### I.     BACKGROUND

Terrance Adams ("Adams") was fatally shot on the 5100 block of Arch Street in Philadelphia. Yvette Gray ("Gray") was shot in her right side but survived. Petitioner was arrested for shooting Adams and Gray.

A state court jury convicted petitioner of third-degree murder, a firearms violation, possession of an instrument of a crime, and aggravated assault. Petitioner was sentenced to 17.5 to 35 years in prison.

Petitioner, in his direct appeal, alleged ineffective assistance of counsel for failing to (**i**) object to a witness's pretrial identification of petitioner and (**ii**) call an alibi witness. The Superior Court deferred the ineffectiveness claims for collateral review and affirmed the conviction. The Pennsylvania Supreme Court denied petitioner's petition for allowance of an appeal.

Petitioner filed a Post Conviction Relief Act ("PCRA") petition alleging ineffective assistance of counsel for (**i**) advising petitioner not to testify and failing to (**ii**) object to a witness's pretrial identification of petitioner and (**iii**) call an alibi witness. The PCRA court dismissed the PCRA petition as meritless. The Superior Court affirmed the PCRA court's dismissal and rejected petitioner's allegations of ineffective assistance of PCRA counsel. The Pennsylvania Supreme Court

denied petitioner's petition for allowance of an appeal.

Petitioner timely filed a habeas corpus petition in the district court alleging ineffective assistance of trial counsel for failing to: (**i**) object to a witness's pretrial identification of petitioner in a photographic array; (**ii**) object to jury instructions that inadequately distinguished first-degree murder from third-degree murder; (**iii**) call an alibi witness; and (**iv**) object to the sufficiency of the evidence on the aggravated assault charge. Petitioner requested an evidentiary hearing.

On February 27, 2013, the court approved and adopted the magistrate judge's report and recommendation denying petitioner's habeas petition and request for an evidentiary hearing. The court denied petitioner's motion for reconsideration of the February 27, 2013, order. On July 3, 2013, the court denied petitioner's motion under Federal Rule of Civil Procedure 60(b)(3) for relief from the February 27, 2013, order. The court denied petitioner's motion for reconsideration of the July 3, 2013, order.

The Court of Appeals denied petitioner's applications for certificates of appealability to appeal the court's February 27, 2013, and July 3, 2013, orders, and denied petitioner's petition for rehearing *en banc*. *Shearer v. Smeal-Moore*, No. 13-2183 (3d Cir. Oct. 31, 2013); *Shearer v. Smeal-Moore*, No. 13-3343 (3d Cir. Dec. 3, 2013). The U.S. Supreme Court denied petitioner's petition for writ of certiorari.

Petitioner's second PCRA petition alleging that his conviction was unlawfully obtained through the use of perjured testimony is pending before the Court of Common Pleas, Philadelphia County.

Petitioner moves under Federal Rule of Civil Procedure 60(d)(1)-(3) for relief from the court's February 27, 2013, order denying his habeas petition. Petitioner alleges: (**i**) the prosecution presented testimony from a witness who committed perjury; (**ii**) petitioner is "actually innocent" in light of the perjury committed by the witness; and (**iii**) ineffective assistance of trial counsel because trial counsel advised petitioner not to testify. The Philadelphia County District Attorney's Office argues the court lacks jurisdiction over petitioner's motion because it is a successive habeas petition and petitioner has not obtained Court of Appeals permission to file a successive habeas petition.

II.     DISCUSSION

A.     Successive Habeas Corpus Petition

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") restricts the ability of federal courts to award relief to a state prisoner who files a successive habeas corpus petition. *Tyler*

*v. Cain*, 533 U.S. 656, 661 (2001).  Under AEDPA, a claim presented in a second or successive habeas petition under 28 U.S.C. § 2254 must be dismissed if it was adjudicated in a previous petition.  28 U.S.C. § 2244(3)(A).  Any claim that has not already been adjudicated must be dismissed unless it relies on a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence.  28 U.S.C. § 2244(b)(2); *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005).  Before the district court may consider a successive habeas petition, the Court of Appeals must issue an order authorizing the district court to consider the petition.  28 U.S.C. § 2244(3)(A).

A motion to reopen judgment of a habeas corpus petition is a successive habeas petition under AEDPA when the motion asserts a claim for relief from a state court's judgment of conviction.  *Gonzalez*, 545 U.S. at 531-32.  A motion asserts such a claim when it (**i**) adds a new ground for relief from the state court judgment of conviction or (**ii**) challenges the district court's previous resolution of a claim on the merits.  *Id.* at 532.  A Rule 60 motion correctly asserting a defect in the integrity of the federal habeas proceedings is actionable and is not a successive habeas petition.  *Id.*

Petitioner's allegation of fraud in the state court calls for the district court to reconsider witness credibility determinations.  Petitioner does not assert a defect in the integrity of the denial of his habeas petition.  Petitioner adds grounds for relief from the state court judgment not raised in his previous habeas petition.  Petitioner asserts claims for relief from the state court's judgment of conviction; petitioner's "Independent Action Rule 60(d)(1)-(3)" motion is a successive habeas petition.

The Court of Appeals has not ordered that the court may consider petitioner's successive habeas petition.  Petitioner's "Independent Action Rule 60(d)(1)-(3)" motion will be dismissed.

B.  <u>Certificate of Appealability</u>

The court may grant a certificate of appealability where a petitioner has made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Petitioner filed a successive habeas petition.  A certificate of appealability will not be granted by this court.

### III. CONCLUSION

Petitioner's "Independent Action Rule 60(d)(1)-(3)" motion is dismissed as a successive habeas petition.