IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY SHEARER, | |
| v. | CIVIL ACTION NO. 11-5315 |
| SHIRLEY R. MOORE SMEAL; THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA; THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | |

### MEMORADUM OPINION

**Schmehl, J.   /s/ JLS**                                                             January 26, 2017

Before the court is petitioner's "Hazel –Atlas Motion" (Docket No. 58) and "Supplemental Amended Hazel-Atlas Motion" (Docket No. 61). Petitioner's motions will both be dismissed because they are successive habeas petitions and the Court of Appeals has not issued an order authorizing the district court to consider the petitions.

**I.      BACKGROUND**

Terrance Adams ("Adams") was fatally shot on the 5100 block of Arch Street in Philadelphia. Yvette Gray ("Gray") was shot in her right side but survived. Petitioner was arrested for shooting Adams and Gray. A state court jury convicted petitioner of third-degree murder, a firearms violation, possession of an instrument of a crime, and aggravated assault. Petitioner was sentenced to 17 ½ to 35 years in prison.

Petitioner, in his direct appeal, alleged ineffective assistance of counsel for failing to (i) object to a witness's pretrial identification of petitioner and (ii) call an alibi witness. The Superior Court deferred the ineffectiveness claims for collateral review and affirmed

the conviction. The Pennsylvania Supreme Court denied petitioner's petition for allowance of an appeal.

Petitioner filed a Post Conviction Relief Act ("PCRA") petition alleging ineffective assistance of counsel for (i) advising petitioner not to testify and failing to (ii) object to a witness's pretrial identification of petitioner and (iii) call an alibi witness. The PCRA court dismissed the PCRA petition as meritless. The Superior Court affirmed the PCRA court's dismissal and rejected petitioner's allegations of ineffective assistance of PCRA counsel. The Pennsylvania Supreme Court denied petitioner's petition for allowance of an appeal.

Petitioner timely filed a habeas corpus petition in the district court alleging ineffective assistance of trial counsel for failing to: (i) object to a witness's pretrial identification of petitioner in a photographic array; (ii) object to jury instructions that inadequately distinguished first-degree murder from third-degree murder; (iii) call an alibi witness; and (iv) object to the sufficiency of the evidence on the aggravated assault charge. Petitioner requested an evidentiary hearing.

On February 27, 2013, the Honorable Norma J. Shapiro approved and adopted the magistrate judge's report and recommendation denying petitioner's habeas petition and request for an evidentiary hearing. The court denied petitioner's motion for reconsideration of the February 27, 2013, order. On July 3, 2013, the court denied petitioner's motion under Federal Rule of Civil Procedure 60(b)(3) for relief from the February 27, 2013, order. The court denied petitioner's motion for reconsideration of the July 3, 2013, order.

The Court of Appeals denied petitioner's applications for certificates of appealability to appeal the court's February 27, 2013, and July 3, 2013, orders, and denied petitioner's petition for rehearing *en banc*. Shearer v. Smeal-Moore, No. 13-2183 (3d Cir. Oct. 31, 2013); Shearer v. Smeal-Moore, No. 13-3343 (3d Cir. Dec. 3, 2013). The U.S. Supreme Court denied petitioner's petition for writ of certiorari. Shearer v. Wetzel, 134 S.Ct. 1510, 188 L.Ed.2d 387 (Mar. 4, 2014).

On February 17, 2015, petitioner filed a motion under Federal Rule of Civil Procedure 60(d) for relief from the court's order of February 27, 2013 denying his habeas petition. On July 22, 2015, Judge Shapiro found that the court lacked jurisdiction over petitioner's motion because it was a successive habeas petition and petitioner had not obtained Court of Appeals permission to file a successive habeas petition. On January 7, 2016, the Court of Appeals denied petitioner's request for a certificate of appealability to appeal the court's July 22, 2015 order. Petitioner filed his Hazel-Atlas motion on March 14, 2016, this matter was reassigned from Judge Shapiro to the undersigned on July 27, 2016, and petitioner filed his Supplemental Amended Hazel-Atlas motion on August 25, 2016.

In his Hazel-Atlas motions, petitioner alleges that the Philadelphia District Attorney's office knowingly used perjured testimony from John Fuller, a witness at his trial, in an intentional attempt to defraud the trial judge and jury; thereby also defrauding this court on habeas review and causing a "defect in the integrity of Petitioner's first habeas petition."

**II.     DISCUSSION**

  A.  Successive Habeas Corpus Petition

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") restricts the ability of federal courts to award relief to a state prisoner who files a successive habeas corpus petition. Tyler v. Cain, 533 U.S. 656, 661 (2001). Under AEDPA, a claim presented in a second or successive habeas petition under 28 U.S.C. § 2254 must be dismissed if it was adjudicated in a previous petition. 28 U.S.C. § 2244(3)(A). Any claim that has not already been adjudicated must be dismissed unless it relies on a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. 28 U.S.C. § 2244(b)(2); Gonzalez v. Crosby, 545 U.S. 524, 530 (2005). Before the district court may consider a successive habeas petition, the Court of Appeals must issue an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(3)(A).

In Hazel-Atlas, the Supreme Court held that a federal court could grant relief from the court's own prior final judgment under certain rare circumstances, including when there is "after-discovered fraud." Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 244 (1944). A Hazel-Atlas claim for fraud requires clear and convincing evidence that there was 1) an intentional fraud; 2) by an officer of the court; 3) which is directed at the court itself; and 4) in fact deceives the court. Herring v. United States, 424 F.3d 384, 387-87 (3d Cir. 2005). However, this court lacks jurisdiction to consider whether Petitioner can meet this standard if the Hazel-Atlas motion is in fact a § 2254 habeas petition, as the motion would then be a second or successive habeas and petitioner would

4

need to obtain permission for the Third Circuit before this Court could consider the merits.

In determining how to classify Hazel-Atlas motions, courts have examined whether the motion attacks the prisoner's underlying judgment of conviction or sentence, or attacks a prior judgment entered in a post-conviction relief proceeding. Gonzalez, 545 U.S. at 530-36. If a Hazel-Atlas motion attacks the underlying judgment of conviction, it is treated as a collateral attack on the conviction and is subject to the limitations of the AEDPA. Id. at 531.

In the instant matter, it is clear that petitioner seeks to attack his conviction, despite his attempts to frame his motions as attacks on his habeas proceeding. Petitioner's allegation that the District Attorney knowingly using perjured testimony at his trial basically boils down to a complaint of prosecutorial misconduct. Petitioner's motions are assert fraud in his state court conviction. He is attacking his underlying criminal proceeding, not his previous habeas proceeding. For relief, his motions seek to have his judgment of conviction "reopened." Clearly, Petitioner's motions assert claims for relief from the state court's judgment of conviction. Therefore, petitioner's "Hazel-Atlas Motion" and "Supplemental Amended Hazel-Atlas Motion" are in fact successive habeas petitions. The Court of Appeals has not ordered that this court may consider petitioner's successive habeas petitions. Therefore, Petitioner's "Hazel-Atlas Motion" and "Supplemental Amended Hazel-Atlas Motion" will be dismissed.

B. Certificate of Appealability

The court may grant a certificate of appealability where a petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). We

are considering this as if Petitioner filed a successive habeas petition. Therefore, a certificate of appealability will not be granted by this court.

### III.   CONCLUSION

Petitioner's "<u>Hazel-Atlas</u> Motion" and Supplemental Amended <u>Hazel-Atlas</u> Motion" are dismissed as successive habeas petitions.